Joseph Creitz, Cal. Bar No. 169552
Lisa Serebin, Cal. Bar No. 146312
CREITZ & SEREBIN LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 466-3090
Fax: (415) 513-4475
Email: joe@creitzserebin.com
        lisa@creitzserebin.com

Paul M. Secunda*
* *admitted pro hac vice*
WALCHESKE & LUZI, LLC
235 N. Executive Dr., Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
Email: jwalcheske@walcheskeluzi.com
        psecunda@walcheskeluzi.com

Counsel for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| WILLIAM J. GRUBER, individually, and as representatives of a Class of Participants and Beneficiaries of the Grifols Employee Retirement Savings Plan, | |
| | Case No: 2:22-cv-02621-SPG-AS |
| Plaintiff, | |
| | SETTLEMENT AGREEMENT |
| v. | |
| GRIFOLS SHARED SERVICES NORTH AMERICA, INC., ET AL. | |
| Defendants. | |

## SETTLEMENT AGREEMENT & STIPULATION

Plaintiff, William J. Gruber ("Plaintiff"), and Defendants Grifols Shared Services North America, Inc., and its Board of Directors ("Defendants" or "Grifols"), enter into this Settlement Agreement and Stipulation (the "Agreement" or the "Stipulation").

### RECITALS

A.      Plaintiff brought this action against Defendants in the United States District Court for the Central District of California (the "District Court") on April 19, 2022, Case No. 2:22-cv-02621-SPG-AS (the "Action").

B.      In the Complaint (ECF No. 1, the "Complaint"), Plaintiff alleged a number of causes of action pursuant to Section 502 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132.  Plaintiff alleged that Defendants were fiduciaries of the Grifols Employee Retirement Savings Plan ("Plan"), and breached fiduciary duties owed to the Plan and/or Plan participants under ERISA by: (1) requiring the Plan to pay excessive fees for retirement plan services, including recordkeeping fees and managed account services fees,  and by failing to remove their recordkeeper, Fidelity Investments Institutional and managed account service provider, Strategic Advisors, Inc.; (2) offering expensive investment options in the form of high-cost share classes; and (3) failing to monitor individuals responsible for Plan administration with regard to recordkeeping, managed account, and investment fees. The Complaint sought equitable and compensatory relief pursuant to ERISA §§ 409 and 502(a)(2) (29 U.S.C. §§1109 and 1132(a)(2)), specifically the restoration by Defendants to the Plan of losses allegedly caused by Defendants' alleged breaches of fiduciary duties.  The Complaint also sought costs and attorneys' fees pursuant to ERISA § 502(g) and the common fund doctrine.

C.      Plaintiff brought this action on behalf of a proposed class of current and former participants in the Plan.  (ECF No. 1, ¶ 188).

D.      Plaintiff and Defendants (collectively, "the Parties"), conducted extensive arm's-length negotiations concerning a possible compromise and settlement of the Action and agreed to private mediation with JAMS Mediator, Robert Meyer. After a full day of mediation, the Parties reached agreement on all terms of the Settlement (the "Settlement"), as set forth herein.

E.      The terms "Settlement Class" or "Settlement Class Members" as used in this Agreement shall refer to:

> All participants and beneficiaries of the Grifols Employee Retirement Savings Plan (excluding the Defendants or any participant/beneficiary who is a fiduciary to the Plan) during the Class Period.

The "Class Period" shall be defined as April 19, 2016, through the date of preliminary approval of the settlement.

F.      Each Defendant denies each and every allegation of wrongdoing made in the Complaint and contends that it has no liability in the Action.  Each Defendant specifically denies the allegations that it breached any fiduciary duty or any other provisions of ERISA in connection with the administration of the Plan, the administrative fees or expenses incurred by the Plan, or the investments in the Plan, at any time, and further denies that it in any way failed to act prudently or loyally as to the Plan's participants and beneficiaries.

G.      Plaintiff's counsel have conducted a thorough investigation into the facts, circumstances, and legal issues associated with the Action.  This investigation has included: (a) researching the applicable law with respect to the claims asserted and the potential defenses thereto; (b) analyzing Plan documents and evaluating the administration of the Plan, including data pertaining to the administrative fees and expenses paid by the Plan and the investments in the Plan during the Class Period; (c) investigating comparable 401(k) Plans to assess steps that reasonable fiduciaries in similar circumstances take, in order to protect and advance the interests of

participants and beneficiaries; and (d) obtaining analyses from consulting experts on liability and damages issues.

H.      Defendants' counsel have investigated Plaintiff's claims, the underlying events and transactions alleged in the Complaint, and the operation and administration of the Plan. Defendants' counsel have reviewed numerous documents, obtained analysis on liability and damages, and made a thorough study of the applicable legal principles governing Plaintiff's claims and Defendants' defenses in the Action.

I.      Based on their investigation of the merits of this Action, the course of the litigation to date, and their knowledge and experience with respect to similar ERISA litigations, Plaintiff's counsel believe that the Settlement will provide substantial benefits to the Settlement Class.  When the benefits conferred by the Settlement are weighed against the attendant risks of continuing to prosecute the Action, Plaintiff's counsel believe that the Settlement represents a reasonable and fair resolution of the claims of the Settlement Class.  In reaching this conclusion, Plaintiff's counsel have considered, among other things, the risks of litigation (including the risks of establishing both liability and any loss to the Plan), the time necessary to achieve a final resolution through litigation and any appeals, the complexity of the claims set forth in the Complaint, the ability of Defendants to withstand judgment, the existence of insurance coverage, and the benefits accruing to the Plan's participants under the Settlement.

J.      Although Defendants have denied and continue to deny all liability with respect to the claims alleged in the Complaint, Defendants nevertheless consider it desirable that any and all possible controversies and disputes arising out of or during the Class Period that relate to the matters, transactions, and occurrences referenced in the Complaint be conclusively resolved and terminated on the terms and conditions set forth below.  The Settlement and the attendant final

dismissal of the Complaint will avoid the substantial expense, inconvenience, and risk of continued litigation and will bring Plaintiff's claims and potential claims to an end.

K. The Parties have reached the Settlement, by and through their respective undersigned counsel, on the terms and conditions set forth in this Agreement.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by the Parties, in consideration of the promises, covenants, and agreements herein described, and the Parties intending to be legally bound:

### Stipulation to Certification of the Settlement Class

1. The Parties stipulate and agree that for Settlement purposes only, this Action shall proceed as a non-opt out class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(1), with Plaintiff's counsel Walcheske & Luzi, LLC and Creitz & Serebin, LLP as class counsel ("Class Counsel"), and with a Settlement Class as defined in Paragraph E of this Agreement.

### Preliminary Approval

2. On or before August 31, 2023, Plaintiff shall file a Motion for Preliminary Approval with the Court, seeking entry of an order substantially in the form attached hereto as **Exhibit 1** (the "Preliminary Approval Order") and approval of notice to the Settlement Class Members, substantially in the form attached hereto as **Exhibit 2** (the "Class Notice"). Plaintiff shall request that a final fairness hearing be held at least one hundred and twenty (120) days from the date of the entry of the Preliminary Approval Order for the Court to consider whether the terms of the Settlement are fair, reasonable, and adequate and thus should be finally approved and implemented by the Court pursuant to Federal Rule of Civil Procedure 23(e). Defendants shall not oppose the relief requested in the Motion for Preliminary Approval, provided it is consistent with the terms

and conditions of the Settlement.  Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Defendants shall, at their own expense, cause to be prepared and provided the notices required by CAFA, as specified by 28 U.S.C. § 1715 (**Exhibit 3**), within ten (10) calendar days after the filing of the Motion for Preliminary Approval of Settlement. Defendants' counsel will provide Class Counsel with a sample of CAFA notice provided by Defendants pursuant to this Paragraph.

3.      If the Settlement (including any modification thereto made with the consent of the Parties as provided for herein) is approved preliminarily by the Court, Class Counsel shall retain at their discretion a person or firm to administer and disseminate the Class Notice to the Settlement Class Members (the "Settlement Administrator"), subject to Defendants' approval, which will not be unreasonably withheld.  The Settlement Administrator shall cause the Class Notice to be disseminated in the manner and on the dates set in the Preliminary Approval Order to the Settlement Class Members.  Costs associated with the Class Notice and its dissemination shall be paid out of the Settlement Fund, as that term is defined herein.

## Final Approval

4.      If the Settlement (including any modification thereto made with the consent of the Parties as provided for herein) is preliminarily approved by the Court, Class Counsel shall move the Court to enter an Order and Final Judgment substantially in the form attached hereto as **Exhibit 4** (the "Final Approval Order"), which, among other things:

(a)      approves the Settlement, adjudges the terms thereof to be fair, reasonable, adequate, and in the best interests of the Settlement Class, and directs consummation of the Settlement in accordance with the terms and conditions of this Agreement & Stipulation;

(b)      certifies the Settlement Class as a non-opt-out class meeting the applicable requirements for a settlement class imposed by Federal Rule of Civil Procedure 23;

(c)      determines that the requirements of Federal Rule of Civil Procedure 23 and due

process have been satisfied in connection with the distribution of the Class Notice to the Settlement Class;

(d)     approves a Plan of Allocation consistent with Paragraphs 29-33 of this Agreement;

(e)     determines what legal fees and expenses should be awarded or reserved for award to Class Counsel out of the Settlement Amount, as contemplated in an amount of one-third, or 33.33%, of the Settlement Amount, totaling $491,667.00, and expenses not to exceed $50,000, as contemplated by Paragraph 22 of this Agreement;

(f)     determines whether a total of $10,000 should be awarded to Plaintiff for his participation in this Action, as contemplated by Paragraph 26 of this Agreement;

(g)     dismisses the Action with prejudice as to all Defendants and operates to extinguish, discharge, and release any and all Released Claims against the Releasees (as defined in Paragraphs 7-11 of this Agreement), without costs except as herein provided, said dismissal being subject only to compliance by the Parties with the terms of this Agreement and any order of the Court concerning this Agreement;

(h)     bars and enjoins Settlement Class Members and the Plan from the commencement and prosecution, either directly or indirectly, of any other actions in any court asserting any and all Released Claims against any and all Releasees;

(i)     permanently enjoins Plaintiff, Settlement Class Members, and the Plan from asserting, commencing, prosecuting, or continuing, either directly, individually, representatively, derivatively or in any other capacity, any other actions in any court asserting such Released Claims or from receiving any additional recovery or relief from any Releasees with respect thereto; and

(j)     solely for the avoidance of doubt, it is the intent of the parties that the Released

Claims include all breach of fiduciary duty and prohibited transaction claims that were brought or could have been brought against the Releasees relating to the selection or monitoring of Plan investment options, the associated investment costs (direct or indirect), or service-provider fees charged to the Plan during the Class Period.

5.    Class Counsel shall file with the Court a motion for entry of the Final Approval Order no later than twenty-eight (28) calendar days before the final fairness hearing.

### Date of Complete Settlement Approval

6.    For purposes of this Agreement, "Complete Settlement Approval" shall occur when all of the following have taken place: (a) entry of the Final Approval Order approving the Settlement; and (b) the expiration of all applicable appeal periods for any appeals of the Final Approval Order, without any appeal having been filed or, if an appeal is taken, upon entry of an order affirming the Final Approval Order, and the expiration of any applicable period for the reconsideration, rehearing, or appeal of such affirmance without any motion for reconsideration, rehearing, or further appeal having been filed.  Upon Complete Settlement Approval, the Settlement shall become "Final."  The pendency of unresolved issues regarding the Plan of Allocation and/or attorneys' fees/expenses shall not affect the finality of the Settlement.

### Release

7.    Upon Complete Settlement Approval, Plaintiff, Settlement Class Members and the Plan (by and through the Independent Fiduciary) shall release any and all claims of any nature whatsoever concerning the Plan or any and all claims concerning the Plan (including claims for any and all losses, damages, unjust enrichment, attorneys' fees, disgorgement of fees, litigation costs, injunction, declaration, contribution, indemnification or any other type or nature of legal or equitable relief), including, without limitation, all claims asserted in the Complaint for losses suffered by the Plan, or by Plan participants or beneficiaries, whether accrued or not, whether

already acquired or acquired in the future, whether known or unknown, in law or equity, brought

by way of demand, complaint, cross-claim, counterclaim, third-party claim or otherwise, arising

out of any or all of the acts, omissions, facts, matters, transactions or occurrences that are, were or

could have been alleged, asserted, or set forth in the Complaint, so long as they are related to any

of the allegations or claims asserted in the Complaint, or would be barred by principles of *res*

*judicata* had the claims asserted in the Complaint been fully litigated and resulted in a final

judgment or order, including but not limited to claims that Defendants and/or any fiduciaries of

the Plan breached ERISA fiduciary duties during the Class Period or engaged in any prohibited

transactions in connection with: (a) the selection, retention and/or monitoring of the investment

options available in the Plan, or any of the investments referenced in the Complaint; (b) the

appointment and/or monitoring of the Plan's fiduciaries and service providers; (c) the

recordkeeping fees, managed account services fees, administrative fees, and expenses incurred by

the Plan; (d) the prudence and loyalty of the Plan's fiduciaries; and/or (e) any claims that

Defendants, or any other fiduciary or service provider to the Plan, engaged in any transaction(s)

prohibited by ERISA §§406-408, 29 U.S.C. 1106-1108, in connection with the operative facts set

forth in the Complaint ("Released Claims").

8.      Released Claims shall extend to Defendants, Grifols, S.A. and Grifols Shared

Services North America, Inc., formerly known as Grifols Inc., and each of their owners,

shareholders, predecessors, successors, assigns, agents, directors, officers, employees, trustees,

committees, fiduciaries, administrators, representatives, attorneys, divisions, subsidiaries and

affiliates (and agents, directors, officers, employees, fiduciaries, administrators, trustees,

committees, representatives and attorneys of such divisions, subsidiaries and affiliates), and all

persons acting by, through, under or in concert with any of them, including but not limited to

Instituto Grifols, S.A., Grifols Laboratory Solutions Inc., Grifols Diagnostic Solutions Inc., Biomat USA, Inc, Grifols Therapeutics LLC, Grifols Biologicals LLC, Grifols USA, LLC, Grifols Worldwide Operations USA, Inc., Interstate Blood Bank, Inc., GCAM, Inc., BPC Plasma, Inc., and Talecris Plasma Resources, Inc., any entity members of the Defendant's control group not listed above and any insurers and re-insurers, including, without limitation, any and all current or former fiduciaries of the Plan, their counsel, and all service providers to the Plan, including Fidelity Investments, Strategic Advisors, Inc., and their affiliates, during the Class Period (collectively, the "Releasees").

9.     Upon Complete Settlement Approval, Plaintiff, Settlement Class Members, and the Plan expressly waive and relinquish, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by (a) § 1542 of the California Civil Code, which provides that a "general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party," and (b) any similar state, federal, or other law, rule or regulation or principle of common law of any domestic or foreign governmental entity. Plaintiff, Settlement Class Members, and the Plan may hereafter discover facts other than or different from those that they know or believe to be true with respect to the subject matter of the Released Claims with respect to any Releasees, but Plaintiff, Settlement Class Members, and the Plan hereby expressly waive and fully, finally and forever settle and release any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim with respect to the Released Claims as to the Releasees, without regard to the subsequent discovery or existence of such other or different facts.

10.     Upon Complete Settlement Approval, Defendants absolutely and unconditionally

release and forever discharge Plaintiff, the Settlement Class, and Class Counsel (collectively, the "Plaintiff Released Parties") from any and all Claims relating to the institution or prosecution of the Action or the settlement of any Released Claims, except that the release shall not include claims relating to the covenants or obligations set forth in this Agreement.  The Parties intend the Settlement to be a final and complete resolution of all disputes asserted or which could have been asserted by Plaintiff, the Settlement Class, the Plan, and Class Counsel against the Releasees with respect to the Released Claims. Accordingly, Plaintiff and Defendants agree not to assert in any forum that the claims asserted in the Action were brought or defended in bad faith or without a reasonable basis.  The Parties shall not assert any contention regarding a violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the Action and agree that, except as expressly set forth herein, each party shall bear his, her, or its own costs and expenses, including attorneys' fees.

11.     Notwithstanding any other provision of the Stipulation, Plaintiff and Settlement Class Members shall not be deemed to have barred, waived, or released any claim by any individual participant concerning his or her individual eligibility for benefits under the Plan, or to contest the correct amount of such benefit, except to the extent that such claim may relate to or arise from the events, transactions and occurrences described in the Complaint.

**Payment of Settlement Amount**

12.     Plaintiff, on behalf of the Settlement Class and the Plan, agrees to settle and resolve fully the claims asserted in the Action against the Releasees, including the Released Claims, for ONE MILLION FOUR HUNDRED AND SEVENTY-FIVE THOUSAND DOLLARS ($1,475,000.00) (the "Settlement Amount").  In full settlement of the claims asserted in the Action against Defendants and in consideration of the releases specified in Paragraphs 7-11 above,

Defendants shall pay and/or shall cause the Defendants' insurance carrier(s) to pay the Settlement Amount.

13.   Within sixty (60) business days after the Court enters a Preliminary Approval Order or after the Defendants receive the appropriate account information and instructions to process payment from Class Counsel, whichever is later, Defendants shall pay and/or shall cause the Defendants' insurance carrier to pay $100,000 of the Settlement Amount to a non-interest bearing FDIC-insured account identified by Class Counsel (the "Settlement Account") to cover the initial Settlement Administrative Expenses and the costs of sending Notice to the Settlement Class.  If the Settlement is not approved by the Court or either party has withdrawn from the Settlement as per paragraphs 34-36 of this Agreement, the $100,000 will be returned to the Defendants within 10 days of such termination of the Settlement, less amounts expended to provide Class Notice.

14.   Within thirty (30) calendar days after Complete Settlement Approval, Defendants shall pay and/or shall cause the Defendants' insurance carrier to pay the remaining balance ($1,375,000.00) of the Settlement Amount to the Settlement Account using the same information provided for the payment in Paragraph 13.  Defendants shall pay and/or cause the Defendants' insurance carrier to pay the Settlement Amount consistent with the terms of the Settlement.  Except as otherwise provided herein, under no circumstances shall Defendants or Defendants' insurance carrier be required to pay, or cause to be paid, any amounts that exceed the Settlement Amount specified in Paragraph 12.  Upon payment of the Settlement Amount, all of Defendants' payment obligations under this Agreement shall be satisfied and discharged in full.  To the extent the Settlement Amount will be funded by insurance proceeds, for purposes of this Agreement, any such amounts shall be considered to have been paid by Defendants.

15.   The Settlement Amount delivered to the Settlement Account shall constitute the

"Settlement Fund," which shall be governed by the terms of this Agreement.  No later than five (5) calendar days following the Court's entry of the Preliminary Approval Order, Class Counsel shall provide Defendants with the name of the financial institution and the payee name along with the W-9 for the Settlement Account.  The Settlement Fund will be subject to the jurisdiction of the Court.

16.    The Settlement Fund shall be used to pay for: (a) all Settlement Administration Expenses as described in Paragraphs 19-20; (b) the attorneys' fee and expense award, if any, referred to in Paragraphs 22-25; and (c) the Plaintiff's case-contribution awards if any, referred to in Paragraph 26.  The balance of the Settlement Fund (inclusive of interest earned) after the matters described in this Paragraph and after the payment of any taxes or other charges allowed against the Settlement Fund under the terms of this Agreement shall be the Net Settlement Fund.

17.    Although Defendants deny any fault, liability, or wrongdoing, the Parties agree that the payment of the Settlement Amount is intended as settlement of this Action for alleged breach of fiduciary duty claims under ERISA for allegedly lost earnings on the Plan assets and shall be treated as earnings for all purposes under the Plan.

18.    With the sole exception of the Defendants' obligation to make payments or to cause Defendants' insurance carrier to make payments to be paid to the Settlement Account as provided for in Paragraphs 12-15, the Defendants, their insurance carrier(s), the Releasees, and Defendants' counsel shall have no liability with respect to the Settlement Account for the monies maintained in the Settlement Fund, including, without limitation, any liability related to any fees, taxes,[1]

---

[1] "Taxes" means all taxes (federal, state, county or municipal) on the income of the Settlement Fund and expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, interest, penalties and the expenses of tax attorneys and accountants).

investment decisions, losses or value fluctuations, maintenance, supervision, or distributions of any portion of the Settlement Amount.  In addition, Defendants, the Releasees, Plaintiff and their respective counsel shall have no responsibility for or liability with respect to any act, omission, or determination of the Settlement Account by the Settlement Administrator or any of its respective designees or agents, in connection with the calculations of the distribution and administration of the Settlement or the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund.

**Payment of Settlement Administrative Expenses**

19.     Upon preliminary approval by the Court, all reasonable expenses incurred by the Settlement Administrator associated with identifying the Settlement Class Members and effecting dissemination of the Class Notice as required by the Court in the Preliminary Approval Order may be paid from the initial payment of $100,000 to the Settlement Account referenced in Paragraph 13.

20.     "Settlement Administration Expenses" includes all of the costs and expenses of the Settlement Administrator in connection with the tasks set forth in Paragraphs 19-20, 25, 30-31, as are approved by the Settlement Administrator and Class Counsel.  All Settlement Administration Expenses shall be borne by and paid from the Settlement Fund.

**Payment of Fees and Expenses of the Independent Fiduciary**

21.     Defendants shall retain at their discretion an Independent Fiduciary (the "Independent Fiduciary") to review and consider the Settlement on behalf of the Plan and its current fiduciary or fiduciaries, and determine whether the Settlement is reasonable and fair, as more fully described in Paragraph 35(b) below.  All costs of the Independent Fiduciary shall be borne by and paid by Defendants.

**Payment of Attorneys' Fees and Expenses**

22.     Class Counsel's attorneys' fees and expenses will be subject to the Court's approval and shall be paid out of the Settlement Fund as specified in Paragraph 15 of this Agreement. Defendants shall take no position directly or indirectly on Class Counsel's application for attorneys' fees and expenses, provided that Class Counsel do not request an award of attorneys' fees higher than one-third, or 33.33%, of the Settlement Amount, totaling $491,667, and expenses not to exceed $50,000.  The Parties shall leave the amount of Class Counsel's attorneys' fees and expenses to the sound discretion of the Court.

23.     The Court's consideration of requests for Class Counsel's fees and expenses are matters separate and apart from the Settlement between the Parties, and the Court's decision concerning the attorneys' fees and expenses of Class Counsel shall not affect the validity of the Agreement or finality of the Settlement in any manner.

24.     Class Counsel shall be solely responsible for allocating the Class Counsel's fees and expenses among Plaintiff's counsel.  Any award of attorneys' fees shall be allocated among Plaintiff's counsel in a fashion that, in the opinion of Class Counsel, fairly compensates Plaintiff's counsel for their respective contributions in the prosecution of the Action.  Defendants shall bear no responsibility for this allocation or be subject to any claims or suit under this Agreement or otherwise.

25.     No later than twenty-eight (28) calendar days prior to the final fairness hearing, and more than two weeks before the Independent Fiduciary files its report, Class Counsel will apply to the Court for a collective award of attorneys' fees and reimbursement of litigation expenses. Upon funding of the Settlement Fund following Complete Settlement Approval, Class Counsel may instruct the Settlement Administrator in writing to disburse such payments immediately from the Settlement Account in accordance with the Court's Final Approval Order.  Defendants shall

have no obligations whatsoever with respect to any attorneys' fees or expenses incurred by Class Counsel, which shall be payable solely from the Settlement Fund.

26.     No later than twenty-eight (28) calendar days prior to the final fairness hearing, Class Counsel may also apply to the Court for a case contribution award to Plaintiff in an amount not to exceed $10,000 (Ten Thousand Dollars).  Defendants will take no position with respect to any such application for Plaintiff's case contribution award.  Defendants shall have no obligations whatsoever with respect to any case contribution awards, which shall be payable solely from the Settlement Fund.  Upon funding of the Settlement Fund following Complete Settlement Approval, Class Counsel may instruct the Settlement Administrator to disburse such case contribution award immediately from the Settlement Account in accordance with the Court's Final Approval Order.

## **Class Notice**

27.     Defendants shall send the names, last known addresses, Social Security numbers, account/plan information, balances, and other pertinent information of the Settlement Class Members, as per Defendants' records, to the Settlement Administrator in electronic form as soon as practicable but no later than forty-five (45) business days after entry of the Preliminary Approval Order.

28.     Within seventy-five (75) calendar days of the entry of the Preliminary Approval Order, the Settlement Administrator shall send the Notice by first-class mail to the Settlement Class Members. The Notice will be sent to the last known mailing address of each of the Settlement Class Members in the form attached hereto as **Exhibit 2**.

## **Plan of Allocation**

29.     The Plan of Allocation shall be prepared by Class Counsel and submitted to the Court for approval in connection with Final Approval of the Settlement.  The Court's approval of

the Plan of Allocation is not a material or integral part of or condition to the Settlement, and the Court's rejection or modification of the Plan of Allocation shall neither entitle Plaintiff or Defendants to withdraw from or terminate the Settlement, nor affect the finality of the Settlement or Final Approval thereof.

30.    Class Counsel shall retain the Settlement Administrator to calculate the amounts payable to Settlement Class Members.  The Settlement Administrator shall be exclusively responsible for calculating the amounts payable to Settlement Class Members pursuant to the Plan of Allocation based on information to be provided by the Plan's recordkeepers or fiduciaries. Defendants, the Releasees, Plaintiff, and their respective counsel shall have no responsibility or liability for the Plan of Allocation, corresponding calculations, or the expenses incurred in connection with the calculations.

31.    For those Settlement Class Members who have an account in the Plan as of the date of entry of the Final Approval Order (the "Account Members"), the distribution will be made into his or her account in the Plan.  The Settlement Administrator shall cause an amount equal to the portion of the Net Settlement Fund allocated under the Plan of Allocation to the Account Members, along with data and other supporting information identifying the Settlement share amount owed to each Account Member, to be transferred to the Plan's existing recordkeeper(s) in accordance with the recordkeepers' requirements for receiving same.  The Plan's recordkeeper(s) will then distribute the individual settlement shares to the Account Members pursuant to the data and other supporting information provided by the Settlement Administrator, and in accordance with the Plan of Allocation and instructions from Class Counsel.

32.    For those Settlement Class Members who no longer have an account in the Plan at the time of the distribution of the share amounts owed to Class Members (the "Non-Account

Members"), the distribution will be made by a check written from the Settlement Fund by the Settlement Administrator.  No Non-Account Member whose entitlement to payment pursuant to the Plan of Allocation would otherwise be less than twenty-five dollars ($25) shall receive any payment from the Net Settlement Fund.

33. Defendants, the Releasees, Plaintiff and their respective counsel shall have no responsibility or liability for the tax-qualified status or distribution of the Net Settlement Fund to the Settlement Class Members.

<u>**Right to Withdraw from the Settlement**</u>

34. Each of the Parties shall have the option to withdraw unilaterally from and terminate the Settlement in the event that: (a) either the Preliminary Approval Order or the Final Approval Order referred to above is not entered substantially in the forms specified herein, including such modifications thereto as may be ordered by the Court with the consent of the Parties; or (b) the Settlement is not approved by the Court, or is disapproved, or is materially modified upon appeal.

35. At their sole discretion, Defendants shall have the right to withdraw from this Settlement and terminate the Agreement if:

(a) on or before fourteen (14) calendar days before the Court's final fairness hearing, the United States Department of Labor files any objection to the Agreement or Settlement in any court, brings a claim against any Releasees relating to the Released Claims, or notifies any Releasee that it intends to file such a Claim;

(b) another party files a separate class action that raises comparable claims against the same Releasees during some part of the same class period addressed by this Complaint; or

(c)     the Independent Fiduciary retained by Defendants fails to approve the Settlement on or before fourteen (14) calendar days prior to the Court's final fairness hearing. Notwithstanding any provision to the contrary, the Settlement is contingent upon the Independent Fiduciary's (i) approving the Settlement in writing and giving a release in its capacity as a fiduciary of the Plan and for and on behalf of the Plan coextensive with the release from the Plaintiff and the Settlement Class Members; (ii) authorizing the Settlement in accordance with Prohibited Transaction Class Exemption 2003-39; and (iii) finding that the Settlement does not constitute a prohibited transaction under ERISA § 406(a).  All Parties shall cooperate in providing information to the Independent Fiduciary upon request.

36.     In the event that the Settlement is terminated pursuant to Paragraphs 34 or 35 of this Agreement, then: (a) the Settlement proposed herein shall be of no further force and effect; (b) the agreements and stipulations in this Agreement concerning class definition or class certification will not be used as evidence or argument to support class certification or class definition, and Defendants will retain all rights to oppose class certification; and (c) this Agreement and all negotiations, proceedings, and statements relating thereto, and any amendment thereof, shall be null and void, shall not be submitted or admitted in the Action or any other proceeding, and shall be without prejudice to any party hereto, and each party shall be restored to his, her, or its respective position as it existed prior to the execution of this Stipulation.  If Defendants are responsible for the Settlement being terminated, any funds contributed to the Settlement Account, less amounts expended in furtherance of the administration of this Settlement in accordance with the terms hereof, shall be returned to the payor (whether Defendants or their insurance carrier) within five (5) business days, together with a full accounting of the expenditures.  If Plaintiff is responsible for the termination of Settlement, all funds contributed to the Settlement Account shall

be returned to the payor (whether Defendants or their insurance carrier) within five (5) business days.  If the parties are unable to agree, the matter will be submitted to and determined by the Court.

### Severability

37.     The provisions of this Agreement are not severable.

### Authority

38.     Each of the individuals executing the Agreement on behalf of one or more of the Parties hereto warrants and represents that he or she has been duly authorized and empowered to execute this Agreement and Stipulation on behalf of his or her respective Party and/or Parties.

### Stipulation of Settlement Not an Admission

39.     The provisions contained in this Agreement and all negotiations, statements and proceedings in connection therewith shall not be deemed a presumption, a concession, or an admission by Defendants of any fault, liability, or wrongdoing as to any fact or claim alleged or asserted in the Action or any other actions or proceedings and shall not be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any person in these or any other actions or proceedings, whether civil, criminal or administrative, except in a proceeding to enforce the terms or conditions of this Stipulation.  Defendants have denied and continue to deny each and every claim alleged in the Action.  Furthermore, this Agreement shall not be construed as or received in evidence as an admission, concession, or presumption against any Plaintiff or any of the Settlement Class Members that any of their claims are without merit, or that any defenses asserted by Defendants have any merit, or that damages recoverable under the Action would not have exceeded the Settlement Amount.  Accordingly, neither this Agreement nor the Settlement nor any act performed or document executed pursuant to or in furtherance of this Agreement or

the Settlement:  (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or invalidity of any Released Claim, or of any wrongdoing or liability or lack thereof of any Releasee; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission or lack thereof of any Releasee in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal.  The Releasees may file the Agreement and/or the Final Approval Order in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, claim or issue preclusion, accord and satisfaction, release, good-faith settlement, judgment bar, or reduction or any other similar defense or counterclaim.  The Parties and their counsel, and each of them, agree, to the extent permitted by law, that all agreements made relating to the confidentiality of information shall survive and be unaffected by this Agreement.

### **Counterparts**

40.    This Stipulation may be executed in any number of actual or telecopied (including without limitation, by email transmission of one or more PDF files) counterparts and by each of the different Parties thereto on several counterparts, each of which when so executed and delivered shall be an original.  The executed signature page(s) from each actual or telecopied counterpart may be joined together and attached to one such original and shall constitute one and the same instrument.

### **Waiver**

41.    The waiver by any Party of any breach of this Agreement shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

### Arm's-Length Negotiations

42.     The Parties represent and warrant that they are voluntarily entering into this Agreement as a result of arm's-length negotiations among their counsel, that in executing this Agreement they are relying solely upon their own judgment, belief, and knowledge, and the advice and recommendations of their own independently selected counsel.  Each Party assumes the risk of mistake as to facts or law.  None of the Parties hereto shall be considered to be the drafter of this Agreement or any provision hereof for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

### Entire Agreement; Amendments

43.     This Agreement and the attached Exhibits, incorporated herein by reference, constitute the entire agreement of the Parties with respect to the subject matter hereof, and may not be amended, or any of their provisions waived, except by a writing executed by all Parties hereto.  The Parties: (a) acknowledge that it is their intent to consummate this Agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.  The Parties intend this Agreement to be a final and complete resolution of all disputes between them, relating to or arising out of, the subject matter of the Action, or which otherwise constitute Released Claims.  Accordingly, the Parties agree that the terms of the Agreement represent a good-faith settlement of the claims, reached voluntarily after consultation with experienced counsel.

### Successors and Assigns

44.     This Agreement, upon becoming operative, shall be binding upon and inure to the benefit of the Parties hereto, Releasees, and Plaintiff's Released Parties and their respective

successors, assigns, heirs, estates, executors and administrators and upon any corporation, partnership or entity into or with which any such person or entity may merge or consolidate.

### Governing Law

45.     This Agreement shall be governed by the laws of the United States, including federal common law, except to the extent that, as a matter of federal law, state law controls, in which case California law will apply without regard to conflict-of-law principles.

### Continuing Jurisdiction

46.     The administration, effectuation, and enforcement of the Stipulation as provided for herein will be under the authority of the Court.  The Court will retain continuing and exclusive jurisdiction over the Parties and the Settlement Class Members and over the administration, effectuation, and enforcement of the terms of the Stipulation and the benefits to the Settlement Class Members hereunder, and for such other matters that may properly come before the Court, including any dispute or controversy arising with respect to the interpretation, enforcement, or implementation of the Stipulation or any of its terms.  Any such dispute or controversy must be brought to the attention of the Court by written motion.  The Parties and each of the Settlement Class Members consent to the jurisdiction of the Court with respect to any proceedings brought to enforce or interpret this Settlement and hereby waive all objections to venue and personal and subject matter jurisdiction in that regard.

### Best Efforts and Non-Disparagement

47.     The Parties and their Counsel all agree to cooperate fully with one another in seeking the Court's approval of this Agreement and the Settlement and to use their best efforts to effect final Court approval of this Agreement and the Settlement.

48.     The Parties and their Counsel shall refrain from making derogatory or disparaging

comments related to Plaintiff, Class Counsel, any Releasee, Insurer, Defendants, the Plan, and/or Defendants' Counsel.

Signed and Agreed to on the 29th Day of August, 2023.

                                        **BY PLAINTIFF'S COUNSEL
                                        ON BEHALF OF THE
                                        SETTLEMENT CLASS:**

                                        WALCHESKE & LUZI, LLC

                                        *Paul M. Secunda*
                                        Paul M. Secunda


                                        CREITZ & SEREBIN LLP


                                        Joseph Creitz

Signed and Agreed to on the ___29___ th Day of August, 2023.

**ON BEHALF OF DEFENDANTS:**

Dated: August 29, 2023

JACKSON LEWIS PC

Stacey C.S. Cerrone